IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH VALENTINE AWE,

                    Petitioner,                          OPINION AND ORDER

          v.                                             14-cv-200-wmc

GRANT COUNTY COURT
OF WISCONSIN,

                    Respondent.

Petitioner Kenneth Valentine Awe is currently incarcerated by the Virginia Department of Corrections.   In this case, he petitions for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a felony conviction from Grant County, Wisconsin, and the validity of a detainer that has been lodged against him.   Having been granted leave to proceed *in forma pauperis*, Awe's petition is now before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.   For reasons set forth briefly below, the petition must be dismissed.

OPINION

On March 13, 2006, the Grant County Circuit Court accepted Awe's plea of "no contest" to charges of taking and operating a motor vehicle without the owner's consent in Grant County Case No. 05CF126.   On April 26, 2006, the circuit court sentenced Awe to serve two years in prison, followed by a three-year term of extended supervision.   Awe did not appeal.

In his petition dated March 1, 2014, Awe seeks relief from his state conviction on

1

the following grounds:  (1) he was denied a speedy trial; and (2) his plea was "illegally coerced."  Because Awe's underlying conviction became final in 2006, review of these claims is barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1)(A).  Accordingly, these claims will be dismissed as untimely filed.

In addition to the claims concerning his conviction, Awe notes that the State of Wisconsin has lodged a detainer against him in connection with the term of extended supervision that he received in Case No. 05CF126.  Without providing any details, Awe contends that the detainer is invalid and has resulted in his unlawful detention.  At the same time, Awe concedes that he has yet to raise this issue in state court.

The federal habeas corpus statutes require a petitioner to exhaust all remedies that are "available in the courts of the State" before seeking relief in federal court.  28 U.S.C. § 2254(b)(1)(A).  When a state prisoner alleges that his continued confinement violates federal law, the doctrine of exhaustion ensures that state courts have "the first opportunity to review this claim and provide any necessary relief."  *O'Sullivan v. Boerckel*, 526 U. S. 838, 844 (1999).  To satisfy the requirement found in § 2254(b), "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement." *Id.* at 839-40.  Thus, in order to exhaust remedies in Wisconsin, habeas petitioners must present their claims for discretionary review by the Wisconsin Supreme Court. *See Moore v. Casperson*, 345 F.3d 474, 485-86 (7th Cir. 2003).

Pleadings recently submitted by Awe indicate that he filed some sort of challenge

to the detainer in Grant County Circuit Court.  (*See* Dkt. # 6.)   If that challenge is still pending before that court, his action cannot proceed here until denied by the highest state court.   Assuming that the circuit court has denied Awe's motion, as seems likely by now, public records reflect that he has not filed any type of appeal that would have presented his challenge to the detainer to the state's highest court.  *See Supreme Court and Court of Appeals Access*, http://wscca.wicourts.gov (last visited January 26, 2015).   Because the state courts have not yet had a full opportunity to address Awe's challenge to the detainer, comity dictates that this court must dismiss that portion of the federal petition without prejudice. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see* 28 U.S.C. § 2254(b)(1)(A).   Accordingly, the court must dismiss Awe's challenge to the validity of his detainer for failure to exhaust.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner.   To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  A petitioner makes a "substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008).   Where denial of relief is based on procedural grounds, the petitioner also must show that jurists of reason "would find it debatable whether the district court was

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, reasonable jurists would not debate the decision that petitioner's claims concerning the validity of his underlying conviction are untimely. Likewise, it is not debatable that the Wisconsin Supreme Court has not yet been given an opportunity to consider petitioner's challenge to the validity of his detainer.  Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Petitioner Kenneth Valentine Awe's claims concerning the validity of his underlying conviction are DISMISSED with prejudice as untimely.

2. Petitioner's challenge to the validity of the detainer against him is DISMISSED without prejudice as unexhausted.

3. A certificate of appealability is DENIED.  Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 30th day of January, 2015.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge